GEORGE MEURER, Respondent, *v.* MARIE VON KRAMER, Appellant.

*Liability of the owner of a house or the contractor, for a furnace — building contract as evidence.*

On the trial, in a Justice's Court, of an action brought to recover the value of a furnace placed by the plaintiff in the defendant's house, it appeared that the defendant had made a contract in writing with a third party for the erection of the house, and the defendant claimed that the furnace was furnished to such third party. The plaintiff controverted this and claimed that the furnace was furnished to the defendant, whereupon the defendant offered in evidence the building contract, which was excluded.

*Held,* that the particular terms of the contract were immaterial, and its exclusion was not error (BARNARD, P. J., dissenting).

APPEAL by the defendant, Marie Von Kramer, from a judgment of the County Court of Richmond county, entered in the office of the clerk of that county on the 18th day of April, 1892, affirming a judgment of a justice of the peace of the town of Middletown in favor of the plaintiff.

*Geo. J. Greenfield* and *W. Allaire Short*, for the appellant.

*John Widdecome*, for the respondent.

DYKMAN, J.:

This action was commenced in a court of a justice of the peace and tried there before the justice, without a jury, and he rendered a judgment in favor of the plaintiff against the defendant for $129.21 damages and $4.50 costs.

From that judgment the defendant appealed to the County Court of Richmond county, but in her notice of appeal she did not demand a new trial in the County Court.

The appeal, therefore, raised only questions of law, and the case was argued before the County Court, and the judgment was there affirmed.

From that judgment of affirmance the defendant has appealed to this court.

The action was for the recovery of the value of a furnace and fixtures appurtenant thereto which the plaintiff placed in the dwelling house of the defendant.

There is no denial that the plaintiff put the furnace in the house, and the price is undisputed, but the defense set up was this:

In the month of September, 1890, the defendant made a contract, in writing, with one Charles Triebe, for the erection of the house in which this heater was placed, and she claimed that the plaintiff furnished the heater for Triebe and not for her.

Upon the trial before the justice the defendant offered the written contract between her and Triebe in evidence, and it was rejected; to the rejection of the contract the defendant took an exception and that presents the only question of law raised by the appeal.

Upon the trial before the justice of the peace the plaintiff testified that the defendant gave him the order for the furnace, and the defendant testified that she did not. Triebe, who was a witness for the defendant, testified that he ordered the furnace of the plaintiff.

The justice gave credit to the testimony of the plaintiff and disbelieved the testimony of Triebe and the defendant.

We cannot say that was erroneous. He saw the witnesses and probably knew them personally, and we cannot reverse upon the facts under such circumstances.

We are also inclined to hold that the exclusion of the written contract between the defendant and Triebe was not erroneous.

It had already appeared in the testimony that there was such a contract, and its particular terms were immaterial.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

BARNARD, P. J. (dissenting):

The plaintiff sought to recover for the value of a heater put in the defendant's house by the plaintiff. The defendant denied that the heater was put in at her request. The plaintiff testified to an actual request by the defendant to put in the heater in question and the defendant positively denied the same. It appeared on the trial that one Triebe had the contract for building the defendant's house and Triebe testified that he ordered the heater. The defendant offered the contract in evidence and it was rejected. This was erroneous. The sole question was one of fact, and it was important in determining the credibility of the conflicting evidence that it should be known whether Triebe was bound by his contract to furnish the heater himself as part of his contract with the defendant.

The judgment should be reversed, with costs.

Judgment of County Court affirmed, with costs.